**FARMERS CANAL COMPANY,**
Appellant,

v.

**Otto J. POTTHAST et al., Appellees.**

No. 1387.

Court of Civil Appeals of Texas,
Corpus Christi.

Sept. 21, 1979.

Thomas H. Lee, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellant.

Dean W. Turner, Bath & Turner, Henderson, for appellees.

## OPINION

BISSETT, Justice.

Involved in this appeal from a summary judgment is the construction of a royalty grant in a deed. The question to be determined is whether the deed conveyed to the grantee, his heirs and assigns, a royalty of ¼th of ⅛th of the minerals produced from the subject land, or a royalty of ¼th of the fractional royalty reserved by the grantors, their heirs and assigns, in future mineral leases.

Otto J. Potthast and wife, Virginia Potthast, Mabel Potthast, Cynthia Potthast, Phyllis P. Alford, and Dorothy P. Massey, plaintiffs, filed this suit against Farmers Canal Company, defendant, on October 29, 1976. Plaintiffs sought a declaratory judgment to the effect that they are the owners, subject to an existing oil, gas and mineral lease, of all oil, gas and other minerals, save and except a ¼th of ⅛th (or a ¹⁄₃₂nd), royalty interest, in and to all of the oil, gas and other minerals produced, saved and sold from a certain 952.10 acre tract of land, in Matagorda County, Texas; plaintiffs further asked that the cloud cast on their title to their "royalty interest" be removed, and for damages for their royalty then being held in suspense. Defendant answered with a general denial and a cross action, wherein it contended (in the cross action) that it is the owner of ¼th of the royalties

reserved in the existing oil, gas and mineral lease affecting the 952.10 acres, and ¼th of the royalties which may be reserved by plaintiffs in future mineral leases. Thereafter, both parties moved for summary judgment. Plaintiffs' motion was granted, and defendant's motion was denied. The judgment decreed:

"IT IS NOW, THEREFORE, ORDERED, ADJUDGED, DECREED, DETERMINED AND DECLARED that the Plaintiffs, individually or through their predecessors in title, reserved all of the oil, gas and other minerals except ⅟₃₂nd nonparticipating royalty interest by that deed from Dr. A. H. Potthast, et al, to J. B. Bures, dated January 15, 1945, recorded in Volume 159, Page 4–6, Deed Records of Matagorda County, Texas, conveying the above described land; that the cloud of title on Plaintiffs' said minerals and royalties cast by Defendant herein be, and the same is hereby removed."

The dispute between the parties, which precipitated the filing of this suit, arose out of a difference in the parties' construction of two clauses contained in a deed, dated January 15, 1945, executed by Dr. A. H. Potthast, E. B. Potthast, and Dr. O. J. Potthast, joined by their respective wives, as grantors, to J. B. Bures, as grantee, whereby the surface of the said 952.10 acres and a royalty interest was conveyed to Bures.

The granting clause in the aforesaid deed reads, as follows:

"Have GRANTED, SOLD and CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto the said J. B. Bures, of Matagorda County, Texas, the surface estate, together with all and singular the rights and appurtenances thereto in anywise belonging, and an undivided one-fourth (¼th) interest in and to all of the sulphur royalty, oil royalty, gas royalty, and royalty in all other minerals in that certain tract, parcel and body of land, lying and being situated in Matagorda County, State of Texas, described as follows:"

Following the land description, there is a clause which clearly reserves unto grantors the executive rights with respect to future leasing of the land for mineral exploration and development, and made the royalty conveyed by the deed a "nonparticipating" royalty. That clause, in relevant part, further provides:

"It is distinctly understood and herein stipulated and agreed . . . that Grantee shall only receive one-fourth (¼th) of the money royalty on sulphur on the basis of One ($1.00) Dollar per long ton and one-fourth (¼th) of the one-eighth (⅛th) royalty on oil, gas and all other minerals provided for in such lease or leases; and in the event Grantors, their heirs, or assigns, in the status of the fee owners of the minerals shall operate and develop the minerals therein, Grantee, his heirs and assigns, shall own and be entitled to receive as a free royalty an undivided one-thirty-second (⅟₃₂nd) of all of the sulphur, oil, gas and other minerals produced, saved and sold off the premises; all future ad valorem, production and other taxes assessable or chargeable against the property and rights herein conveyed are assumed by Grantee."

Dr. A. H. Potthast and E. B. Potthast, two of the grantors in the deed to Bures, died before this suit was filed. Plaintiffs, hereinbefore named, are the sole owners of the mineral interests reserved by the grantors in the deed to Bures.

Thereafter, on December 1, 1945, J. B. Bures conveyed to Farmers Canal Company, defendant, the land in question. The deed contained the following language which followed the land description:

"This deed is subject to Mineral Reservations set out in deed from Dr. A. H. Potthast et al to J. B. Bures, dated January 15th, 1945, and recorded in Volume 159, on pages 4 to 6, of the Deed Records of Matagorda County, Texas."

On May 12, 1972, plaintiffs executed an oil, gas and mineral lease covering said land. The lease reserved a ⅛th royalty on oil and gas, 50¢ per long ton on sulphur and ⅟₁₀th on all other minerals. Production of oil and gas in commercial quantities was established under said lease. The lease was

a valid and subsisting lease at all times pertinent to this appeal.

There is no evidence that the land conveyed to Bures in 1945 was leased for mineral development until May 12, 1972. Defendant interprets the deed as conveying to Bures, his heirs and assigns, ¼th of whatever royalty is reserved in subsequent leases covering the 952.10 acre tract. Plaintiffs interpret the deed as conveying ¼th of ⅛th royalty to Bures, his heirs and assigns.

■ It is a well settled rule that in construing a deed, it is the duty of a court to seek the intention of the parties to that deed. *Terrell v. Graham,* 576 S.W.2d 610 (Tex.Sup.1979). The intention of the parties, as it is expressed in the deed, is to be ascertained from a consideration of all the language which appears in the deed, and by harmonizing, if possible, those provisions which appear to be in conflict. *McMahon v. Christmann,* 157 Tex. 403, 303 S.W.2d 341 (1957); *Cockrell v. Texas Gulf Sulphur Company,* 157 Tex. 10, 299 S.W.2d 672 (1956).

■ It is also well settled that should there be any doubt in ascertaining the intention of the parties as their intention is expressed in the deed in its entirety, that doubt, after considering the deed from its four corners, should be resolved against the grantors, whose language it is, and the deed must be construed most favorably to the grantee, as conveying to him the largest estate permissible within the language of the deed. *Garrett v. Dils Company,* 157 Tex. 92, 299 S.W.2d 904 (1957); *Allen v. Creighton,* 131 S.W.2d 47 (Tex.Civ.App.— Beaumont 1939, writ ref'd).

■ Even though different parts of a deed may appear to be contradictory and inconsistent with each other, a court in construing the words in a deed so as to give effect to all parts thereof, will not strike down any part of the deed, unless there is an irreconcilable conflict where one part of the instrument effectively destroys another part thereof. *Benge v. Scharbauer,* 152 Tex. 447, 259 S.W.2d 166 (1953).

■ Another applicable rule in the construction of a deed is that one provision in a deed should not be taken alone and a presumption raised upon it at variance with the other provisions thereof. *Clement v. Scott,* 60 S.W.2d 258 (Tex.Civ.App.—Texarkana 1933, writ ref'd).

■ It is also a well recognized rule of construction that where there is a "necessary repugnance" of clauses in a conveyance, the granting clause prevails over the other provisions of the deed. *Waters v. Ellis,* 158 Tex. 342, 312 S.W.2d 231 (1958); *Woods v. Sims,* 154 Tex. 59, 273 S.W.2d 617 (1954).

In *Lott v. Lott,* 370 S.W.2d 463 (Tex.Sup. 1963), the issue to be resolved was whether language in the habendum clause of an instrument, denominated "TENANT'S DISCLAIMER," limited or destroyed a general grant which appeared in a clause preceding the description of the land affected. The court held that: 1) the instrument was a quitclaim deed, 2) it was effective to convey to the grantee "any interest or title" in the land owned by grantor on the date of its execution, and 3) the operative effect of the "disclaim and release" provisions (the granting clause) of the deed was not destroyed by the language contained in the habendum clause. The Court, at page 465, said:

". . . If this recitation were held to limit the interest conveyed to 'tenant right[s],' the grant in the premises clause would be in major part nullified. That result would run counter to sound rules of construction that the granting clause prevails over other provisions of a deed and that a deed will be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. *Waters v. Ellis,* 158 Tex. 342, 312 S.W.2d 231, 234."

This is not a suit for rescission or reformation of the deed in question. None of the parties contend that the provisions of the deed are ambiguous.

■ In the instant case, should the granting clause in the deed to Bures be con-

sidered alone there would be no doubt but that the royalty interest conveyed was ¼th of the royalty reserved in future leases, since the granting clause in the deed recites in unequivocal terms that the interest conveyed is "an undivided one-fourth (¼th) interest in and to all of the . . . royalty" in the 952.10 acres. But, following the granting clause and the description of the property appears language which provides, in effect, that if the land is leased by the grantors, their heirs and assigns, and production of minerals is obtained by their mineral lessee, that "Grantee shall only receive one-fourth (¼th) of the money royalty on sulphur on the basis of One ($1.00) Dollar per long ton and one-fourth (¼th) of the one-eighth (⅛th) royalty on oil, gas and all other minerals provided for in such lease or leases."

The granting clause in the deed to Bures does not call for a one-fourth (¼th) of the one-eighth (⅛th) royalty, or a ¹⁄₃₂ royalty, as plaintiffs contend. Instead, it calls for a royalty of ¼th of all royalty. Such royalty would amount to a ¹⁄₃₂nd royalty only if the basic royalty in the lease under which minerals are produced provides for a ⅛th royalty. *Continental Oil Co. v. Doornbos,* 402 S.W.2d 879, 881 (Tex.Sup.1966). The 1972 mineral lease does not reserve unto lessors (plaintiffs) a ⅛th royalty. It reserves a ⅙th royalty.

We do not agree, as asserted by plaintiffs, that the subsequent recitals in the deed to Bures change or limit the quantum of the royalty stated in the granting clause to a fractional royalty equal to ¼th of ⅛th royalty, or a ¹⁄₃₂nd royalty, regardless of the quantum of royalty reserved under the terms of a mineral lease. Nor do we agree that the parties to the deed intended for the language in the clause following the description of the land to have such a restrictive interpretation. Such an interpretation or construction would ignore the express terms of the granting clause. The subsequent language in the deed reciting, in substance, that the grantee shall receive only ¼th of the ⅛th royalty "provided for in such lease or leases" must yield to the express language which appears in the granting clause of the deed. *Allen v. Creighton,* 131 S.W.2d 47 (Tex.Civ.App.—Beaumont 1939, writ ref'd).

Applying the rules of construction hereinabove stated to the record presented in this appeal, we hold that the trial court erred in granting plaintiffs' motion for summary judgment and in rendering judgment for them. We further hold that the trial court erred in denying defendant's motion for summary judgment and in refusing to render a judgment decreeing that defendant owned an undivided ¼th interest of all of the royalty reserved by the grantors in the Bures deed, their heirs and assigns, in any mineral lease or leases executed by them covering the land in question.

Defendant is entitled to a royalty of ¼th of ⅛th, or ¹⁄₂₄th, of all minerals produced and sold under the 1972 mineral lease. Accordingly, the judgment of the trial court is reversed and judgment is here rendered that the deed from Dr. A. H. Potthast, et al, as grantors, to J. B. Bures, as grantee, dated January 15, 1945, with respect to royalty, conveyed to the grantee, his heirs and assigns, an undivided ¼th of all royalty reserved by the grantors, their heirs and assigns, in all mineral leases thereafter executed by them covering all or any part of the subject land.

REVERSED and RENDERED.