**STAG SALES COMPANY, Appellant,**

v.

**Juventino FLORES, et al., Appellees.**

No. 04–84–00173–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 18, 1985.

Rehearing Denied Oct. 9, 1985.

J. Rush Milam, Ralph L. Alexander, Edinburg, for appellant.

Francisco J. Saldana, Jr., Mann, Cronfel, Dickinson & Saldana, Emilio "Chito" Davila, Laredo, for appellees.

Before ESQUIVEL, BUTTS and REEVES, JJ.

OPINION

REEVES, Justice.

This appeal from the granting of a summary judgment involves the proper con-

struction of an oil and gas royalty deed. The royalty deed in question was executed in 1943 by appellee, Eugenia M. Flores, and her now deceased husband, Leonardo Flores, to a W.H. Holland. The deed covers a 2,291.2 acre tract of land in Zapata County. The pertinent clauses of the lease are set out, in part, as follows:

> [Grantors convey to grantee] an undivided one-half (½) interest in and to all of the oil royalty, gas royalty, royalty in casinghead gas and gasoline, and royalty in all other minerals in and under, and that may be produced and mined from [the 2291.2 acre tract].
>
> Said land being now under an oil and gas lease ... this sale is made subject to the terms of said lease, but covers and includes one-half of all the oil royalty, gas royalty, casinghead gas and gasoline royalty, and royalty from other minerals or products to be paid under the terms of said lease....
>
> In the event a future lease or leases are executed ... then the Grantee shall receive under such future lease or leases an undivided one-sixteen [sic] part of all the oil, gas and other minerals taken and saved under such lease or leases, and shall receive the same out of the royalty therein provided for.

For convenience, the first clause will be referred to as "the granting clause," the second will be referred to as the "existing lease clause," and the last as the "future lease clause."

When the Floreses executed this lease there was an outstanding oil and gas lease on the tract. That lease later terminated. There is no summary judgment evidence indicating the amount of royalty interest specified in that lease. Sometime after the termination of the then existing lease, appellees executed an oil and gas lease to Good Hope Refineries, Inc. (now known as GHR Energy Corporation), which provides for a one-sixth royalty. ["The Good Hope lease"]. Production was secured under this lease and it is currently in effect. In 1943, W.H. Holland conveyed his royalty interest to several grantees. He conveyed a three-tenths royalty acre interest to T.E. Stephens, who thereafter conveyed the same interest to appellant Stag Sales Company. The conveyees of the remaining two-tenths interest are not parties to this appeal.

This suit commenced when appellees filed suit seeking a declaratory judgment that the Holland deed conveyed a fixed interest in royalties on production under future leases equal to one-sixteenth of eight-eighths of production. They sought, alternatively, reformation of the deed to reflect the alleged intent of the parties to the Holland deed to transfer this interest.[1] Stag answered and thereafter filed a cross-action seeking a declaratory judgment that it was entitled to a full three-tenths interest in the one-sixth royalty under the Good Hope lease.

Both sides filed motions for summary judgment. The trial court denied Stag's motion and granted the Floreses'. The trial court held that by virtue of the future lease clause the Holland grantees, including Stag, were collectively entitled to a fixed one-sixteenth non-participating royalty interest. Stag contends that by virtue of the granting clause, the Holland grantees were entitled to one-half of the current one-sixth royalty, or a one-twelfth royalty interest. Stag's share under this theory is three-tenths of one-sixth, or one twentieth.

We are governed in our disposition of this cause by longstanding rules of interpretation and construction of deeds. The primary rule of construction is that the intent of the parties to the deed is to be ascertained and given effect. *Alford v. Krum*, 671 S.W.2d 870, 872 (Tex.1984). It is not the intention that the parties may have had but failed to express in the deed,

---

1. The judgment of the court provides, "the court has not reached and has not considered plaintiff's alternative claim for reformation in light of the judgment rendered, and no ruling is made with reference thereto." Appellees have not contested this ruling; therefore, their allegation of reformation is waived. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

but it is the intention that is expressed in the language of the deed. *Id.* All parts of a deed should be harmonized in the attempt to ascertain the parties' intent since the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement. *Id.* A court in construing the words in a deed so as to give effect to all its provisions should not strike down any part of the deed unless there is an irreconcilable conflict where one part of the instrument effectively destroys another. *Benge v. Scharbauer,* 152 Tex. 447, 259 S.W.2d 166, 167 (1953). Neither side has contended that the deed is ambiguous. Thus, the intent of the parties must be determined from the four corners of the instrument. *Peveto v. Starkey,* 645 S.W.2d 770, 772 (Tex.1982). This language must be construed as written; a court has no right to alter it by interpolation or substitution. *Dahlberg v. Holden,* 150 Tex. 179, 238 S.W.2d 699, 701 (1951).

The Floreses argue that the deed is not ambiguous and that its provisions do not conflict. They argue that under the "two grant theory" an instrument may convey two separate estates in minerals. *Woods v. Sims,* 154 Tex. 59, 273 S.W.2d 617, 621 (1954); *Benge v. Scharbauer,* 259 S.W.2d at 168; *Richardson v. Hart,* 143 Tex. 392, 185 S.W.2d 563, 564 (1945). The Floreses assert that after the general language of the granting clause, they stipulated that the grantee was to receive half of whatever the stated royalty was under the existing lease. They then went on to provide that under a *future* lease, the grantee was to receive a fixed one-sixteenth of production rather than one-half of the stated royalty.

Stag argues that the granting clause should control. It cites *Alford v. Krum, supra,* which holds that when there is an irreconcilable conflict between the granting clause and the future lease clause, the granting clause shall prevail. 671 S.W.2d at 872.

If the Good Hope lease had provided for a one-eighth royalty instead of one-sixth, the deed would show perfect consistency— all provisions of the deed would give the grantee a one-sixteenth royalty. It is only when the future lease provides for a royalty other than one-eighth that the consistency of the deed provisions is destroyed. Thus the issue has arisen—under the Good Hope lease is the grantee entitled to a one-twelfth royalty as provided for in the granting clause, or the one-sixteenth royalty of the future lease clause?

■ We believe that under the law as most recently enunciated by the Supreme Court in *Alford v. Krum, supra,* where, as here, there is an irreconcilable conflict between clauses of a deed, the granting clause must prevail over all the provisions. 671 S.W.2d at 872. The key expression of the parties' intent is found in the granting clause. *Id.* Under the granting clause of the present deed, the parties clearly and unambiguously provided for a grant of one-half of all royalty. As applied to the Good Hope lease the grantees under the deed are entitled to a one-twelfth royalty interest.

We do not find appellees' argument persuasive. The Supreme Court in *Alford,* explained its deference to the granting clause:

> The purpose of the future lease clause is to explain or restate the operative effect of the grant in the granting clause in the event that any present lease terminated and that future leases were executed.... Consequently, Texas courts generally have treated the fractional interests in the last phrase of the future lease clause as nothing more than a restatement or confirmation of the interest deeded in the previous portions of the instrument.... Furthermore, commentators have noted that these clauses are 'redundant,' 'unnecessary,' and useful only when the meaning of the granting clause is not clearly apparent....
>
> This Court has consistently held that '[i]t is not permissible to give controlling effect to that which creates an ambiguity, and destroys the certainty which is expressed by other language, and thus overthrow the clear and explicit intention of the parties.' ... We have, therefore, given effect to the 'controlling language'

in the mineral deed—the granting clause. [Citations omitted.]

671 S.W.2d at 873. *See also Farmers Canal Co. v. Potthast,* 587 S.W.2d 805, 809 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Allen v. Creighton,* 131 S.W.2d 47, 50 (Tex.Civ.App.—Beaumont 1939, writ ref'd). Both *Farmers Canal,* which is factually analogous to the present case, and *Allen,* were cited with approval in *Alford.* 671 S.W.2d at 873.

We construe the royalty deed from the Floreses to Holland as conveying a one-half (½) interest of the royalties as provided in the granting clause. The grantees of the Flores deed are entitled to a one-twelfth royalty under the Good Hope lease. Thus, Stag Sales' interest is three-tenths of the one-sixth royalty or a one-twentieth royalty interest. The judgment of the trial court is reversed and judgment is rendered as set forth in this opinion.

ESQUIVEL, J., concurs in result.