Perry Leon BURRIS *v.* STATE of Arkansas

CR 86-196                                        722 S.W.2d 858

Supreme Court of Arkansas
Opinion delivered February 2, 1987

*Edward T. Barry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Perry Leon Burris, was convicted of theft of property and sentenced to thirty years imprisonment as an habitual criminal. He was charged with both robbery and theft of property valued in excess of $2,500, but a mistrial was granted with respect to the robbery charge because the jury deadlocked. The appellant seeks reversal of the theft conviction on the basis of five alleged errors. He contends the victim of the crime, who was the first witness to testify, should not have been allowed to remain in the courtroom after her testimony, and that her identification of the appellant in the courtroom was unfair because the appellant was the only non-lawyer black person seated at the table with defense counsel. She had previously identified her assailant as a black person. We reject these points because of lack of objection or insufficient objection at the

trial.

The appellant contends the jury should not have been instructed in accordance with A.M.C.I. 6002 that they were to consider guilt or innocence only and that the issue of punishment would be considered by them separately in the event of a verdict of guilty. We find no evidence that the appellant was prejudiced by the instruction. We also find no prejudice in the composition of photographs, to which the appellant objected, which showed rings, allegedly stolen by him, on the hands of the alleged victim of the crime. In his final arguments, the appellant contends the theft verdict was inconsistent with the jury's inability to reach a verdict on the robbery charge and that the evidence was insufficient to convict him of theft. We cannot find the asserted inconsistency, and we consider the evidence to have been sufficient to sustain the jury's verdict convicting the appellant of theft.

We affirm the conviction, as we find no prejudicial error.

Mrs. Pauline Sowards testified that on September 21, 1985, she was knocked down in her yard by a black man who then ran off with her purse which contained a number of rings and a pair of earrings. She identified the appellant as the person who did it. She further testified that she had had no opportunity previous to the trial to identify the person who committed the crime. Her testimony was contradicted by a police officer who testified that Mrs. Sowards had been shown a series of seven photographs, one of which was of the appellant, but she was unable to identify him as her assailant. The same officer testified there had been no attempt to have Mrs. Sowards view a line-up.

Upon being recalled as a witness at the end of the trial, Mrs. Sowards said she remembered viewing the photographs. She said she picked the appellant's photograph out and identified him in a line-up too. Then she said maybe she had not done so. She concluded her testimony by conceding she could not remember.

It is not disputed that Mrs. Sowards gave the police drawings she made of her jewelry. The drawings were distributed to pawn shops and jewelry stores. One of her rings turned up in a pawn shop, the proprietor of which had purchased it from Ronald Mothershed. Mothershed told the police he had won the ring in a dice game from the appellant who told him he had gotten it from

"some lady." Mothershed agreed to help recover the remainder of the jewelry. He and an undercover police officer, Ivan Whitfield, sought out the appellant, and on the pretense that Whitfield wanted to buy some rings, the appellant took them to various places and persons from whom more of Mrs. Sowards' jewelry was obtained. Whitfield testified that the appellant offered to sell him one of the rings for $70 or two for $100.

### 1. Exclusion of the victim-witness

The rule of A.R.E. 615 was invoked by the appellant. With exceptions not applicable here that rule provides that at the request of either party, or on the motion of the court, witnesses will be excluded so that they cannot hear each other's testimony. When Mrs. Sowards finished her testimony the first time she was on the stand, the deputy prosecutor suggested she be allowed to remain in the courtroom. The appellant's attorney objected on the basis that the rule of A.R.E. 615 had been ordered. The court noted a new act of the general assembly had changed the law so that victims of alleged crimes could remain despite the provisions of A.R.E. 615. The appellant's attorney said he wanted to look up the new act. A recess was taken for that purpose and the matter was not mentioned again in the record before us.

■ The argument the appellant now makes is that A.R.E. 616, which does permit the victim to be present in any hearing in any criminal prosecution, is unconstitutional. That argument, which we recently discussed in *Stephens* v. *State*, 290 Ark. 440, 720 S.W.2d 301 (1986), was not presented to the trial court, and for that reason we will not consider it. *Pruett* v. *State*, 287 Ark. 124, 697 S.W.2d 495 (1985); *Cecil* v. *State*, 283 Ark. 348, 676 S.W.2d 730 (1984).

### 2. The bifurcated trial instruction

The appellant contends that by instructing the jury that it was not to consider sentencing at first but that that question would be submitted to it later in the event of a verdict of guilty, the jurors were informed that the appellant was an habitual offender.

■ The appellant's contention is nothing more than a surmise on his part. He presented no evidence that any juror was thus prejudiced or that jurors generally take the view that the

reason for a bifurcated consideration is to keep from them evidence of an accused's prior convictions during the guilt or innocence phase of their deliberation.

### 3. The photographs

The appellant's argument is that because the recovered jewelry was photographed on the hands of Mrs. Sowards, the photographs were highly prejudicial to him. The essence of the argument is that the photographs were thus deliberately staged "to force the jury to take the victim along with them into the jury deliberation room."

The appellant cites *Harris* v. *Dameron*, 267 Ark. 1141, 594 S.W.2d 256 (Ark. App. 1980), which held the trial court was correct in excluding gruesome photographs which had no probative value. He also cites *Bliss* v. *State*, 282 Ark. 315, 668 S.W.2d 936 (1984), in which we held that the trial court improperly admitted photographs, for the purpose of impeaching a defendant's testimony, because their prejudicial effect outweighed their probative value. A.R.E. 403.

The problem here again is that the appellant has not explained to us how the sight of the rings on the hands of Mrs. Sowards prejudiced the jury. We have no doubt the pictures had probative value if for no other reason than that they tended to demonstrate that the rings had a value in excess of $2,500 as Mrs. Sowards testified. We are in no position to say that whatever prejudicial effect the photographs may have had outweighed their probative value.

### 4. The in-court identification

The appellant argues that the in-court identification of the appellant by Mrs. Sowards was analogous to the kind of suggestive pre-trial identification procedure condemned in *Foster* v. *California*, 394 U.S. 440 (1969), and discussed by us in *Glover* v. *State*, 276 Ark. 253, 633 S.W.2d 706 (1982).

The appellant made no objection whatever when Mrs. Sowards identified him at the trial as her attacker. The trial judge was given no opportunity to consider the reliability of the identification except to the extent he might have considered it when the appellant moved for dismissal at the close of the

evidence. Nothing was said about the suggestiveness of the situation in which Mrs. Sowards identified the appellant. The only argument presented to the court with the motion had to do with the insufficiency of the state's evidence, given the extent to which Mrs. Sowards' testimony had been uncertain and impeached.

### 5. *Insufficiency of the evidence*

The appellant argues that because the jury was unable to find him guilty of the robbery charge the jurors must have found that someone other than the appellant committed the crime, and thus the theft conviction must be reversed as inconsistent. We have no idea why the jury was unable to come to a conclusion with respect to the robbery charge. However, there is nothing in the record before us to support the appellant's premise that the jury concluded that robbery and theft occurred simultaneously but that it was done by someone other than the appellant. If that had been their collective conclusion, surely the jury would have acquitted the appellant of the robbery. Some jurors may have concluded the force used by the appellant in committing the theft was simply not sufficient to have been that required for a conviction of robbery. The point is that we do not know.

To determine if there is sufficient evidence to support the theft conviction, we view the evidence in the light most favorable to the appellee and affirm if there is any evidence to support the verdict. *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985); *Yacono* v. *State*, 285 Ark. 130, 685 S.W.2d 500 (1985). Theft of property is defined by Ark. Stat. Ann. § 41-2203 (Repl. 1977 and Supp. 1985) which, in pertinent part, is as follows:

> Theft of property.—(1) A person commits theft of property if he: (a) knowingly takes or exercises unauthorized control over . . . the property of another person, with the purpose of depriving the owner thereof. . . .

Despite her uncertainty as to any pre-trial identification attempts and the contradictions in and of her testimony, Mrs. Sowards did not waiver from her identification of the appellant at the trial. A jury may accept or reject any part of a witness's testimony, *Wilson* v. *State*, 282 Ark. 551, 669 S.W.2d 889 (1984), and we

are bound by the jury's conclusions as to a witness's credibility. *Thomas* v. *State*, 266 Ark. 162, 583 S.W.2d 32 (1979). Mrs. Sowards' testimony plus the obvious connection of the appellant with Mrs. Sowards' stolen jewelry constituted sufficient evidence to sustain the conviction of theft.

Affirmed.