Leon GILLIAM *v.* STATE of Arkansas

CR 87-116 · 741 S.W.2d 631

Supreme Court of Arkansas
Opinion delivered December 14, 1987

*Velda P. West*, for appellant.

*Steve Clark*, Att'y Gen., by: *Frank J. Wills III*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was convicted of first degree battery and being a felon in possession of a firearm. He was sentenced as an habitual offender to imprisonment for forty years on the first degree battery charge and fifteen years on the felon in possession of a firearm charge. His sole point for reversal questions the sufficiency of the evidence to sustain the conviction, and his argument is directed only to the battery conviction. We find that evidence was sufficient, and thus we affirm the conviction.

The appellant, Leon Gilliam, admitted to having shot his stepfather, Amos Harris. Harris, who was moving his clothing

out of the home of Gilliam's mother on the day in question, testified that he had gone into the home where he had lived with Mrs. Harris. He said Gilliam and Gilliam's wife as well as other children of Mrs. Harris who also lived in the home were outside. He heard Gilliam come in and looked up to see Gilliam aiming a pistol at him whereupon he jumped under a bed as Gilliam fired two shots which missed. Gilliam then fired again and hit Harris in the buttock. Harris further testified that Gilliam then called his wife and the others to come into the house and said, "call the police, I killed him."

Gilliam testified that he and Harris had had an altercation earlier at the prosecutor's office. After he returned to the house and was working on his car with his wife, Gilliam saw his sister come out of the house and heard her say Harris was in the house and was threatening her and her mother. He said he went in the house and tried to talk with Harris who raised his voice and reached in his pocket as if for a weapon. Gilliam testified that he turned to his wife who was behind him, grabbed a pistol from her purse, and began firing.

The testimony of the police officers who were summoned to the scene of the shooting showed that the only weapon found was the pistol used to shoot Harris.

Other testimony presented by Gilliam showed that Harris had been abusive to Gilliam's mother, Mrs. Harris, and perhaps other family members, that Harris had made veiled threats against them that day, and that Mrs. Harris was staying at the battered women's shelter at the time the shooting occurred.

### Sufficiency of the Evidence and Self-Defense

Although Gilliam's only point for reversal is that the court erred in not granting his motion for judgment notwithstanding the verdict, his argument is that because he proved, beyond a reasonable doubt, that he fired at Harris in self-defense, or with justification as defined by Ark. Stat. Ann. § 46-506 (Repl. 1977), the state's case against him was insufficient. While it is true that Gilliam presented evidence from which the jury might have concluded his motive was to protect himself and his family, he cites no case to support the conclusion that it was necessary for the jury to believe his evidence as opposed to that presented by Harris

and the police. The jury may accept or reject any part of the testimony of a witness. *Burris* v. *State*, 291 Ark. 157, 722 S.W.2d 858 (1987), *Wilson* v. *State*, 282 Ark. 551, 669 S.W.2d 889 (1984). On appeal, we look only to the evidence in support of the verdict, and if we find it to be substantial, the conviction must be affirmed. *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1986); *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985).

Affirmed.