Tony Franklin WILSON *v.* STATE of Arkansas

CR 95-112                                        898 S.W.2d 469

Supreme Court of Arkansas
Opinion delivered June 5, 1995

*Robert A. Newcomb*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Tony Wilson was convicted of raping his twelve year old daughter and sentenced to 60 years in prison. His sole contention on appeal is that there was insufficient evidence to prove his guilt beyond a reasonable doubt. We find no merit to his argument and affirm the judgment.

At trial, the victim testified that her father raped her in his trailer when she was visiting with him over the weekend of November 6, 1993. However, she did not tell her mother, with whom she lived, until some months later, and was not examined for evidence of sexual assault until March, 1994. The exam revealed a healed injury consistent with traumatic vaginal penetration.

At trial, appellant, his mother, sister and two of his children who lived with him all testified that the victim had not spent the weekend of November 6, 1993 at the appellant's trailer, and that she had not spent the night with appellant since some time in July, 1993.

Appellant's motion for directed verdict based on insufficiency of the evidence was denied by the trial court, and he appeals from this denial.

Appellant argues that because all his witnesses refuted the

victim's testimony that she spent the weekend of November 6, 1993 with appellant and because she gave differing versions of some details of the rape, the evidence was insufficient to support the verdict. There is no merit to the argument.

■ A motion for a directed verdict is a challenge to the sufficiency of the evidence, and when such a challenge is made we review the evidence in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion or conjecture. *Robinson* v. *State*, 317 Ark. 17, 875 S.W.2d 837 (1994). If there is any substantial evidence to support the verdict we will affirm.

■ On matters of credibility of the witnesses and conflicting testimony, we have repeatedly held that the determination of those issues is left to the trier of fact. *Byrum* v. *State*, 318 Ark. 87, 884 S.W.2d 248 (1994); *Miller* v. *State*, 318 Ark. 673, 887 S.W.2d 280 (1994); *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1991); *Cope* v. *State*, 294 Ark. 391, 730 S.W.2d 242 (1987); *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1987). The jury in this case judged the credibility of the victim's testimony and returned a guilty verdict.

■ We have also long and repeatedly held that the uncorroborated testimony of a rape victim, adult and children alike, is substantial evidence and sufficient to support the verdict. *Caldwell* v. *State*, 319 Ark. 243, 891 S.W.2d 42 (1995); *Byrum* v. *State*, supra; *Lukach* v. *State*, supra; *Dillon* v. *State*, 317 Ark. 384, 877 S.W.2d 915 (1994); *Laughlin* v. *State*, 316 Ark. 489, 872 S.W.2d 898 (1994); *Fox* v. *State*, 314 Ark. 523, 863 S.W.2d 568 (1993); *Bishop* v. *State*, 310 Ark. 479, 839 S.W.2d 6 (1992); *Davis* v. *State*, 308 Ark. 481, 825 S.W.2d 584 (1992).

Appellant argues that the evidence was insufficient to establish that the victim spent the weekend with him on the date charged by the State. However, lack of certainty as to the date does not defeat a charge of this nature.

■ In *Fry* v. *State*, 309 Ark. 316, 829 S.W.2d 415 (1992), involving rape of two minors by their stepfather, we said:

By statute and case law it is established that generally the time a crime is alleged to have occurred is not of critical significance unless the date is material to the offense. Arkansas Code Ann. § 16-85-405(d) (1987); *Bonds* v. *State*, 296 Ark. 1, 751 S.W.2d 339 (1988); *Kirkham* v. *City of North Little Rock*, 227 Ark. 789, 301 S.W.2d 559 (1957). That is particularly true with sexual crimes against children and infants.

In *Yates* v. *State*, 301 Ark. 424, 785 S.W.2d 119 (1990), another case involving rape of a minor, we said "Any discrepancies in the testimony concerning the date of the offense were for the jury to resolve." See also Ark. Code Ann. § 16-85-405(a)(2)(d) (1987); *Burris* v. *State*, 291 Ark. 157, 722 S.W.2d 858 (1987).

The victim in this case gave a full and detailed accounting of the appellant's actions which is sufficient to support the verdict.

Finding no error, we affirm the judgment.