Janet PRICE *v.* STATE of Arkansas

CA CR 93-1085                                              889 S.W.2d 40

Court of Appeals of Arkansas
Division II
Opinion delivered December 14, 1994

*Robert Meurer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a bench trial of driving while intoxicated second offense, driving

on a suspended driver's license, and speeding. She was fined $52.00 for speeding, sentenced to ten days in jail for driving on a suspended license and sentenced to ten days in jail and fined $1,100.00 for DWI II. Her driver's license was suspended for sixteen months and she was ordered to attend DWI school for multiple offenders. On appeal, she argues the trial court abused its discretion by admitting into evidence proof of her first DWI conviction. We disagree and affirm.

At trial, the prosecutor introduced City's Exhibit 6 as evidence of the appellant's prior DWI conviction and her waiver of counsel. The appellant objected and argued that Exhibit 6 was not sufficient evidence of the prior conviction because it was not a certified document, not an instrument signed by a judge, and not a judgment, but merely a data compilation by the Clerk. The appellant also subsequently objected to the Exhibit's authenticity. Exhibit 6 consists of three pages. The first page is a copy of a History Violation Inquiry from the Jacksonville Municipal Court. It reflects that the appellant was convicted of DWI and waived her right to an attorney in Case No. 92-5-00366. The Inquiry also contains a certification by Carol Belote, Deputy Court Clerk, that it is a true and correct copy of the docket entry on file. The second page of the exhibit, also certified by Carol Belote, is a plea statement and waiver of counsel in Case No. 92-5-00366 initialed and signed by the appellant indicating that she waived her right to counsel and entered a plea of guilty to DWI. The third page is a notarized certification by Charles Lacefield, Manager of the Driver Control Section of the Arkansas Department of Finance and Administration, that the two prior pages were true and correct copies of records maintained by the Department of Finance and Administration.

The appellant contends that the trial court erred in admitting City's Exhibit 6 as evidence of her prior conviction because it was not properly authenticated nor was it self-authenticating. Arkansas Rule of Evidence 902(4) provides that the following documents are self-authenticating:

> Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in

> any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3), or complying with any law of the United States or of this State.

Arkansas Code Annotated § 5-65-110(b) (Repl. 1993), part of the Omnibus DWI Act, provides:

> Within thirty (30) days after sentencing a person who has been found guilty, or pleaded guilty or nolo contendere on a charge of violating any provision of this act, every magistrate of the court or clerk of the court shall prepare and immediately forward to the Office of Driver Services an abstract of the record of the court covering the case in which the person was found guilty, or pleaded guilty or nolo contendere, which abstract shall be certified by the person so required to prepare it to be true and correct.

■ The first two documents of Exhibit 6 were certified by the Deputy Clerk of the Jacksonville Municipal Court and filed with the Department of Finance and Administration as required by § 5-65-110(b). The documents were duly certified as true and correct copies of the records of the Office of Driver Control by the Manager of the Driver Control Section. Thus, Exhibit 6 was admissible as a self-authenticating document pursuant to Rule 902(4). We find no error and affirm the appellant's convictions.

Affirmed.

PITTMAN and MAYFIELD, JJ., agree.