Frank WRIGHT *v.* STATE of Arkansas

CA CR 99-304                                         1 S.W.3d 41

Court of Appeals of Arkansas
Division I
Opinion delivered October 6, 1999

*William R. Simpson, Jr.*, Public Defender, and *Don Thompson*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor,* Att'y Gen., by: *Michael C. Angel,* Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Appellant Frank Wright was charged with the felony offense of third-degree domestic battery, second offense, a violation of Ark. Code Ann. § 5-26-305 (1997). The State alleged that on June 24, 1998, Mr. Wright acted with the purpose to cause physical injury to a family member or household member, causing physical injury to Linda Wright, who at the time of the offense was Mr. Wright's wife. The State further alleged that Mr. Wright had previously been convicted of domestic battery in the third degree.

A bench trial was held on the charge on October 26, 1998, and the trial court found Mr. Wright guilty. The court also found that Mr. Wright had a previous conviction for this same offense. The court sentenced Mr. Wright to two years' probation and fined him $100.

The appellant argues on appeal that there was insufficient evidence of the appellant's prior conviction for domestic battery to support enhancement of this offense to a felony. We disagree and affirm.

The State introduced a certified copy of the appellant's record from the Little Rock Municipal Court. Wright's municipal-court record, duly certified by the court clerk, reflected that he pled guilty to third-degree domestic battery on January 4, 1996, and received a one-year suspended sentence and a fine. The record further revealed that, on January 10, 1996, Wright was "recognized" for purposes of appeal.

Wright objected to the introduction of his municipal-court record and argued that his prior domestic-battery conviction was invalid because it was appealed to circuit court and *nol prossed* by the State. However, the circuit court's computer did not reflect that this specific conviction had been *nol prossed* in circuit court. The only indication that Wright's previous conviction for domestic battery was *nol prossed* was the claim made by his own attorney. However, it is well settled that arguments of counsel are not evidence. *E.g., Johnson v. State,* 326 Ark. 430, 450, 934

S.W.2d 179, 189 (1996). There is no evidence in the record to establish that Wright appealed his municipal-court conviction.

■ ■ The State had the burden of proving a defendant's prior conviction for purposes of sentence enhancement. *Byrum v. State*, 318 Ark. 87, 94, 884 S.W.2d 248, 253 (1994). In this case, the State introduced *prima facie* evidence of a prior conviction by introducing a self-authenticating certified record of Wright's municipal-court conviction. *See Price v. State,* 48 Ark. App. 37, 39, 889 S.W.2d 40, 42 (1994). Once *prima facie* evidence is introduced, the burden shifts to the appellant to prove that the conviction had been appealed and *nol prossed*. Because the appellant did not overcome his burden after it shifted, substantial evidence supports Wright's conviction for third-degree domestic battery, and his sentence was properly enhanced as a result of his prior domestic-battery conviction.

Affirmed.

ROBBINS, C.J., and BIRD, J., agree.