## Bedri BEQIRI *v.* STATE of Arkansas

CA CR 04-307

224 S.W.3d 575

Court of Appeals of Arkansas
Opinion delivered January 25, 2006

*William R. Simpson Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Ark. Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Bedri Beqiri was convicted in a Pulaski County bench trial of passing a hot check in an amount greater than $2,500, and he was sentenced to sixty months' probation and ordered to make restitution. Beqiri's appellate counsel had previously submitted a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals. However, in an unpublished opinion, handed down on June 29, 2005, we denied Beqiri's appellate counsel's motion to withdraw and ordered that he submit a merit brief addressing the trial court's order of restitution. We were specifically concerned with whether the trial court complied with Arkansas Code Annotated section 5-4-205(a)(3)(A) (Supp. 2003). Beqiri now argues on appeal that the trial judge erred in failing

to require the State to prove in a restitution hearing the amount of restitution that he owed. We agree, and we reverse and remand for the trial court to hold a restitution hearing.

In charging Beqiri with a single count of violating the Arkansas Hot Check Law, the State alleged that on February 28, 2003, he did "make, draw or utter checks in an amount in excess of $2,500." A food distributor, Quality Foods, was identified as the victim. At Bequiri's November 3, 2003, bench trial, Jane Elder, Assistant Credit Manager of Quality Foods, testified that, on February 28, 2002, Beqiri issued a worthless check for $6,336.48 worth of food that had been delivered to his restaurant. According to Elder, the check was twice returned by Quality Foods's bank, Bank of America. Tommie Abrams, Vice President of Operations at Beqiri's bank, The First State Bank in Conway, testified that, on the date that he wrote the check, Beqiri did not have sufficient funds to cover it. Testifying on his own behalf, Beqiri asserted that he had reimbursed Quality Foods for the dishonored checks through payments that he made to Quality Foods salesman Ralph Burley. Nonetheless, the trial court found Beqiri guilty.

At the December 1, 2003, sentencing hearing, when the trial judge took up the issue of restitution, Beqiri's trial counsel informed the court that Beqiri denied that he owed restitution and requested a restitution hearing. The trial court brushed aside the request and asked the prosecutor for the amount of restitution. The State replied, "six thousand four hundred and thirty-six dollars and forty-eight cents," and confirmed that the restitution was only owed to Quality Foods. The trial court subsequently entered an order of restitution in the amount that was recited by the prosecutor.

On appeal, Beqiri argues that the circuit judge erred in failing to require the State to prove the amount of restitution that he owed at a hearing held during the sentencing phase of the trial. He contends that the plain wording of Arkansas Code Annotated section 5-4-205(a)(3)(A) requires the State to put on proof as to the amount of restitution, and the "State put on no proof whatsoever," because the statement by the prosecutor was not evidence. Further, he notes, the amount asserted by the prosecutor was $100 more than the amount of the check that was returned for insufficient funds. He finally argues that, because the State failed to put on any evidence, this case should be reversed and dismissed.

We agree the trial court erred in refusing to hold a restitution hearing, but rather than dismissing this case, we reverse and remand.

Arkansas Code Annotated section 5-4-205(a)(3)(A) requires that the amount of restitution be determined "by the preponderance of the evidence presented to the sentencing authority during the sentencing phase of the trial." The record is clear that no such evidence was presented; instead, the record shows only the incorrect recitation by the prosecutor of the amount of a dishonored check. It is axiomatic that a statement by counsel is not evidence. *See, e.g., Wright v. State*, 67 Ark. App. 365, 1 S.W.3d 41 (1999).

Regarding the final disposition of this case, we have held that the remedy for irregularities in the calculation of restitution lies in remand for a new hearing. *Tumlison v. State*, 93 Ark. App. 91, 216 S.W.3d 620 (2005). Accordingly, we reverse and remand with instructions for the trial court to hold a restitution hearing.

Reversed and remanded.

BAKER and GLOVER, JJ., agree.