John H. BROWN *v.* STATE of Arkansas

CR 06-737                                    246 S.W.3d 414

Supreme Court of Arkansas
Opinion delivered January 4, 2007

*David O. Bowden*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. John H. Brown appeals his conviction of sexual assault in the first degree and sentence of twenty-five years in prison. He argues that the jury's finding of guilt is not supported by substantial evidence, that the trial court erred finding that a calendar was protected by the work-product doctrine, that the trial court erred by denying the right to a full, fair and public trial, that the trial court erred in denying Brown a recognized defense, and that prosecutorial misconduct denied him a fair trial. We hold there is no error and affirm. This appeal comes to this court by way of a petition for review. Ark. Sup. Ct. R. 6-4. The court of appeals reversed and remanded this case. *See Brown v. State*, 95 Ark. App. 348, 237 S.W.3d 95 (2006). When we grant a petition for review, this

court reviews the case as if the appeal had originally been filed in this court. *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005).

## Facts

Brown is accused of having inserted his finger into the vagina of fifteen-year-old H.M. H.M. was the sole witness and provided the evidence of the alleged crime. In July 2003, she awoke at about 4:00 a.m. to find her sleeping bag unzipped, pulled down, and Brown with his hand down her pajama pants inserting his finger into her vagina.

## Sufficiency of the Evidence

Brown argues that there is insufficient evidence to support the jury verdict. Sufficiency of the evidence is challenged by a directed-verdict motion. *See Jordan v. State*, 356 Ark. 248, 147 S.W.3d 691 (2004). At the close of the State's case, Brown moved for a directed verdict, arguing that H.M.'s testimony was "incredible and unworthy of belief." He did not specify the element the State failed to prove. At the close of the defense case, Brown again moved for a directed verdict, arguing that a reasonable finder of fact could not find beyond a reasonable doubt that Brown committed the crime. He alleged that the State had failed to prove the elements of the crime charged, but he did not specify the element the State failed to prove. At the close of all the evidence, Brown simply renewed his prior directed-verdict motions without further argument. The element of the crime that the State failed to prove must be specifically identified in a motion for a directed verdict. *McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003). Here, Brown failed to specify the element and the proof that was missing. Therefore, his claim of insufficient evidence is not preserved for appeal.

## The Calendar

At trial, Brown attempted to show H.M. should not be believed because she could not recall dates and because she contradicted herself on events and dates. During cross-examination of H.M., Brown discovered the State had a calendar setting out events and dates. He argues both that there was a discovery violation by the State in not disclosing the calendar prior to trial and that the circuit court erred in finding at trial that the

calendar was work product. Brown failed to obtain a ruling on the issue of a failure to comply with pretrial discovery obligations. A failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *Jolly v. State*, 358 Ark. 180, 189 S.W.3d 40 (2004). However, he obtained a ruling that the calendar was work product. That issue may be heard on appeal.

At a bench conference, Deputy Prosecuting Attorney Rebecca Bush stated, "This was made in preparation. It's our notes and her notes of just what their recollection of when they moved." Work product in the context of this case is "records, correspondence, reports or memoranda to the extent that they contain the opinions, theories or conclusions of the prosecuting attorney or members of his staff or other state agents." Ark. R. Crim. P. 17.5(a). Certainly notes could be memoranda containing the opinions, theories or conclusions of the prosecuting attorney or members of his or her staff. Bush specifically argued to the circuit court that "it's our notes, . . . it's our work-product." She further represented that the calendar was "not part of our case file."[1]

■ A careful examination of the testimony of H.M. and her mother R.M. raises serious concerns about whether the calendar actually contained work product. H.M. testified that she and her mother created the calendar. R.M. testified that she created the calendar, and that Bush did not participate in its creation. However, Bush told the circuit court that members of the prosecuting attorney's office were on the calendar notes. We cannot reach the issue of whether the calendar contained work product because Brown did not proffer the calendar and make it part of the record. Where evidence is excluded by the circuit court, the party challenging that decision must make a proffer of the excluded evidence at trial so that this court can review the decision, unless the substance of the evidence is apparent from the context. *Arnett v. State*, 353 Ark. 165, 122 S.W.3d 484 (2003). The substance of the evidence in this case is not apparent. The evidence concerning what is written on the calendar is conflicting; however, this court cannot review a document that is not before it.

---

[1] The State in this case responded to discovery requests by indicating an "open file discovery policy," and thus when Deputy Prosecuting Attorney Bush stated that the calendar was not in the case file, she indicated again that it was work product not subject to disclosure.

*Public Trial*

■ Brown next asserts that he was denied the right to a full, fair and public trial when the circuit court excluded members of H.M.'s family from the courtroom while H.M. testified. The State moved in limine to exclude family members from the courtroom during H.M.'s testimony, and Brown opposed the motion. The motion was granted; thus, the circuit court ruled against Brown, and he could raise that issue on appeal. However, the issue was revisited just after the jury was selected and before opening statements. Brown's counsel asked the court to visit with H.M. in camera to determine "how committed she is to this." "This" was a reference to her desire not to testify in front of family. The circuit court did not interview H.M. and stated that it had based its decision on its duty to make sure that a witness testifies free of intimidation. The court further stated that the fair thing would be to exclude family members on both sides. A discussion followed regarding whether H.M.'s mother R.M. would testify and whether she would be in the courtroom while H.M. testified. The deputy prosecuting attorney stated that as the mother of a minor victim R.M. had the right to be in the courtroom when her daughter testified, but that she would not be present. Brown's counsel then stated, "Then I want the entire family excluded, Your Honor . . . If one goes, I want all of them out." Thus, while the circuit court initially ruled against Brown, he was in agreement with the court's subsequent decision that all family members of both sides were to be excluded when H.M. testified. He may not now attack and appeal from a decision to which he agreed. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001).

*Denial of Right to a Defense*

Brown argues that by denying him the opportunity to put on the testimony of Lieutenant Earnest Whitten of the Little Rock Police Department, he was denied the ability to put on a defense. He alleges that Whitten's testimony would have shown that this case was a sham and one of "vindictive" prosecution. However, Whitten's testimony was not proffered.

■ While Brown offers his opinion of how Whitten would have testified, we have no testimony to review. Where evidence is excluded the party challenging that decision must make

a proffer of the excluded evidence at trial so that this court can review the decision. *Arnett, supra.* Again, this court cannot review what is not before it. Brown has failed to preserve this argument.

### Prosecutorial Misconduct

Brown finally alleges that "the State engaged in prolonged, blatant, and repeated patterns of misconduct that it knew or should have known to be such as [would] inflame the jury against the defendant." It is true that where a prosecuting attorney acts to purposely arouse the passion and prejudice of the jury, reversible error may occur. *See Newman v. State*, 353 Ark. 258, 106 S.W.3d 438 (2003). Reversible error is often alleged to arise from statements made during closing argument. *Id.* However, in the present case, Brown argues that a number of events occurring over the course of the proceedings reveal that the prosecuting attorney was appealing to the passion and prejudice of the jury throughout the case. Brown notes several pretrial events as well as events occurring at trial:

1. An unsuccessful pretrial motion to introduce evidence of a twenty-year-old false accusation of rape under Ark. R. Evid. 404(b);[2]

2. Reports on the prosecutor's website regarding this criminal prosecution;

3. Failure to produce the calendar during discovery;

4. Alleged misrepresentations of Brown's law enforcement certification, including an alleged inaccurate summary used as a demonstrative aid at trial intended to cast him as a liar;

5. Coaching of H.M. to provide certain testimony;

6. An investigation of Sheriff Phillip Mask because he testified at trial that he saw H.M. when she came to be interviewed, and that she had a sheepish look on her face leading him to believe that she had just given a false statement;

---

[2] Brown alleges that these accusations were first made in the 1996 election and caused Brown to threaten to sue attorney George Ellis and opponent Judy Pridgen for defamation. Judy Pridgen later became chief investigator for the prosecutor and conducted the investigation.

7. The testimony of officers to H.M.'s credibility and that they only arrest the guilty; and

8. Eliciting testimony from H.M. that she believed lying to be a sin, thereby making an impermissible reference to religion under Ark. R. Evid. 604.

Citing *Jackson v. Virginia*, 443 U.S. 307 (1979), Brown argues that the prosecutorial misconduct was so severe that the trial was reduced to a "trial ritual," and that he suffered a denial of due process. Brown asserts in essence that taken as a whole, the actions of the prosecuting attorney show an appeal to the jury's passion and prejudice in retaliation for the 1996 election campaign. This is an argument that cumulative prosecutorial misconduct rises to a level requiring that the case be reversed. *See Robinson v. State*, 348 Ark. 280, 728 S.W.3d 27 (2002) (multiple acts of misconduct by prosecution at trial alleged to amount to reversible error).

For a cumulative-error argument to be upheld on appeal, the appellant must show that there were objections to the alleged errors individually and that a cumulative-error objection was made to the trial court and a ruling obtained. *Robinson, supra.* This was not done. Accordingly, we do not address this argument on appeal.

Affirmed.

DANIELSON, J., not participating.