STATE of Arkansas *v.* Robert Edward RAPP

CR 06-813 246 S.W.3d 858

Supreme Court of Arkansas
Opinion delivered January 11, 2007

388

*Mike Beebe**Mike Beebe*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellant.

*Self Law Firm*, by: *Joseph C. Self*, for appellee.

Tom Glaze, Justice. This is an appeal by the State from a trial court's ruling under Arkansas's rape-shield statute, Ark. Code Ann. § 16-42-101 (Repl. 1999). Under Ark. R. App. P. – Crim. 3(a)(3) (2006), the State may take an interlocutory appeal "only from a pretrial order in a felony prosecution which . . . grants a motion under Ark. Code Ann. § 16-42-101(c) to allow evidence of a victim's prior sexual conduct." Thus, the first issue this court must decide in this appeal is whether we have jurisdiction to consider the State's arguments.

On May 2, 2005, appellee Robert Rapp was charged with the rape of his niece, F.O., who was a minor. On August 3, 2005, the State filed a motion to revoke Rapp's bond, alleging that the victim had

called the Fort Smith Police Department on June 28, 2005, to report that Rapp was driving around her house. The circuit court held a hearing on the State's petition on August 29, 2005. At that hearing, the alleged victim testified that she had been placed in foster care in July of 2005 because she was afraid for her safety. She further stated that she had told her counselor that she felt unsafe at home, and the counselor suggested foster care. The trial court denied the State's petition to revoke Rapp's bond but ordered Rapp to have no contact with the alleged victim or her family.

On May 15, 2006, the State filed two motions in limine. In the first, the State noted that it anticipated that Rapp might try to introduce evidence or elicit testimony concerning the alleged victim's having been sexually abused in the past by her natural father in California.[1] Such evidence, the State contended, was inadmissible under Arkansas's rape-shield statute as evidence of the victim's prior sexual conduct. In the second motion, the State noted that it anticipated that Rapp would try to introduce statements made by the alleged victim during the bond-revocation hearing, as well as statements she made to the Department of Human Services, concerning why she was taken from her home and placed into foster care by DHS. The State also asserted that Rapp would probably try to introduce DHS records as they related to that incident, and that such evidence of a collateral matter was inadmissible under the Rules of Evidence.

Rapp also filed a motion in limine on May 15, 2005,[2] as well as a response to the State's motion in limine. In his response, he claimed that he intended to introduce evidence that the alleged victim in this case had been abused by her father. Rapp contended that the victim and her mother had lied at the bond-revocation hearing about the reason F.O. had been removed from her home, and he asserted that he intended to explore "the untruthful statements made before this court and why they were made." More specifically, he claimed, the alleged victim was removed from the home because her mother had left her alone in the house

---

[1] The alleged victim's father was arrested, convicted, and sentenced to the California Department of Corrections, as a result of those allegations.

[2] None of the issues raised in Rapp's motion in limine are relevant to the issues on appeal.

with her father, who had sexually abused her. Because the case against him hinged on the alleged victim's credibility, as well as her mother's credibility, Rapp asserted that the evidence was relevant to attack their trustworthiness.

The trial court held a hearing on the motions on May 16, 2006. At that time, Rapp alleged that the father's convictions for sex offenses was relevant for two reasons: first, to show that the alleged victim and her mother "knew the road map to get someone out of their way"; and second, to show the real reason F.O. was placed in foster care and, by implication, to challenge F.O.'s credibility. Rapp agreed that there was no need to mention that F.O. was the victim of the father's crime, but he contended that "to say [the father] is a sex offender is different than saying [the father] abused his daughter. The jury will never have to know who the victim was. That's what the rape-shield statute is for."

The trial court ultimately ruled that evidence of the father's sex-abuse conviction was relevant; the court thus denied the State's motion in limine insofar as the victim made a statement at the bond hearing that she was removed from the home because Rapp was back in the neighborhood. However, the court further determined that Rapp would not be permitted to make any mention of the fact that F.O. was the victim of her father's crime. The court concluded that the rape-shield statute did not apply because, under the court's ruling, it would not be brought out that F.O. was the victim in the earlier case.

The court's subsequent written order provided that Rapp was permitted to introduce evidence "concerning the victim's natural father's having been found guilty of a sexual assault in California. However, the defendant is prohibited from making any reference as to the identity of the victim in the father's case." The court concluded that the rape-shield statute did not apply. The State filed a timely notice of appeal pursuant to Ark. R. App. P. – Crim. 3(a)(3) (2006).

Under Arkansas's rape-shield statute, Ark. Code Ann. § 16-42-101, evidence of a victim's prior sexual conduct is inadmissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose. Ark. Code Ann. § 16-42-101(b) (Repl. 1999). An exception to this rule exists when the trial court, at an in camera hearing, makes a written determination that such

evidence is relevant to a fact in issue, and that its probative value outweighs its inflammatory or prejudicial nature. Ark. Code Ann. § 16-42-101(c)(2)(C). The statute's purpose is to shield victims of rape or sexual abuse from the humiliation of having their sexual conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006); *Graydon v. State*, 329 Ark. 596, 953 S.W.2d 45 (1997). Accordingly, the trial court is vested with a great deal of discretion in determining whether the evidence is relevant, and we will not overturn the trial court's decision unless it constitutes a clear error or a manifest abuse of discretion. *Townsend, supra.*

As noted above, the State may bring an interlocutory appeal only from an order that *grants* a *defendant's motion* and allows the defendant to delve into *evidence of the victim's prior sexual conduct.* The trial court's ruling in the instant case, however, permitted Rapp to "introduce evidence concerning the victim's *father having been found guilty of a sexual assault* in California," but specifically precluded Rapp from "*making any reference as to the identity of the victim* in the father's case." Thus, the court's order actually granted the State's request to keep out evidence of the alleged victim's prior sexual conduct.

 Stated another way, the State asked the court to exclude evidence of the alleged victim's prior sexual conduct, and the court refused to let Rapp reveal that the alleged victim had been sexually abused by her father. In this case, the evidence that Rapp sought to introduce, and the evidence that was the subject of the State's motion in limine, was not evidence of the *victim's* prior sexual conduct. Rather, it was evidence of a third person's prior sexual conduct, i.e., that of the alleged victim's father. The fact of the *father's* prior conviction for sexual abuse is simply not evidence of the *victim's* prior sexual conduct, especially given the fact that the trial court specifically precluded Rapp from informing the jury that the victim in the instant case had been the victim in the father's sexual abuse case in California. Thus, because the trial court's order did not grant a defense motion under section 16-42-101 "to allow evidence of the victim's prior sexual conduct," and in fact specifically excluded evidence of the alleged victim's prior sexual conduct, the trial court's order is not appealable by the State under Rule 3(a)(3).

The State nonetheless argues that the trial court's ruling was in error because the jury could easily infer from the fact of the father's conviction for sexual abuse that F.O. was his victim. However, this is not necessarily so. The father need not have sexually abused F.O.; he could have sexually abused anyone. The purpose for the introduction of the evidence was to show that the reason F.O. had been placed in foster care was that she had been left alone in the home with a man who had been convicted of a sex offense — not because she was afraid of Rapp, as she had testified at the bond-revocation hearing.

The State further urges that to use this evidence in this fashion, that is, to undermine the alleged victim's credibility, is contrary to the purpose of the rape-shield statute. It is true that this court has held that evidence of a victim's prior sexual conduct, when offered, for example, as evidence of prior inconsistent statements intended to undermine a victim's credibility, violates the rape-shield statute. *See, e.g., Butler v. State*, 349 Ark. 252, 82 S.W.3d 152 (2002). Moreover, this court has held that evidence intended to impeach the victim's credibility is improper under the rape-shield statute, especially in cases in which the defendant is accused of raping someone under the age of fourteen, because "[w]hen consent is not an issue, whether the victim had sexual relations with another person is entirely collateral." *M.M. v. State*, 350 Ark. 328, 333, 88 S.W.3d 406, 409 (2002) (quoting *Evans v. State*, 317 Ark. 532, 878 S.W.2d 750 (1994)); *see also Ridling v. State*, 348 Ark. 213, 72 S.W.3d 466 (2002) (holding that, because the victim's relationship with another older man was irrelevant to the question of the victim's age when she began having sexual intercourse with the defendant, the trial court did not abuse its discretion in excluding evidence of the victim's relationship with the other man).

■ However, the plain language of section 16-42-101 only excludes evidence of the *victim's prior sexual conduct*.[3] Here, the evidence sought to be introduced by Rapp *is not evidence of a specific instance of the victim's prior sexual conduct*. Under the rape-shield

---

[3] Section 16-42-101 provides, in relevant part, as follows:

In any criminal prosecution under § 5-14-101 et seq. . . . , *evidence of specific instances of the victim's prior sexual conduct* with the defendant or any other person . . . is not admissible by the defendant either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, *to attack the credibility of the victim*, to prove consent or any other defense, or for any other purpose.

Ark. Code Ann. § 16-42-101(b) (Repl. 1999) (emphasis added).

statute, it is only "evidence of specific instances of the victim's prior sexual conduct" that is inadmissible. The evidence ruled admissible by the trial court in the instant case was evidence that F.O.'s father was convicted of a sex offense in California. Thus, the trial court's order did not allow the defendant to delve into evidence of the alleged victim's prior sexual conduct. Accordingly, because Rule 3(a)(3) *only* allows an appeal by the State from an order that grants a defendant's motion and allows the defendant to introduce evidence of the victim's prior sexual conduct, the State's appeal in this case must be dismissed.