Marcus Lance RACKLEY *v.* STATE of Arkansas

CR 06-385                                                                267 S.W.3d 578

Supreme Court of Arkansas
Opinion delivered November 8, 2007

Lisa C. Ballard, for appellant.

Dustin McDaniel, Att'y Gen., by: Vada Berger, Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant Marcus Rackley was charged with thirty-seven various sex offenses in Faulkner County; the charges, which included rape, incest, second-degree sexual assault, and first-degree sexual abuse, stemmed from allegations that Rackley had repeatedly sexually molested his step-daughter, T.W., between 2001 and 2004. Cynthia Rackley, Marcus Rackley's wife and T.W.'s mother, was also charged with permitting abuse of a minor, a misdemeanor violation of Ark. Code Ann. § 5-27-206 (Repl. 2006).

Prior to trial, Rackley filed a motion pursuant to the Arkansas rape-shield statute, Ark. Code Ann. § 16-42-101 (Repl. 1999), seeking permission to introduce an "instant message," or IM, conversation in which T.W. had engaged with her boyfriend. Following a hearing on Rackley's motion, the trial court entered an order on June 7, 2005, finding that the evidence was irrelevant to the proceedings as it was not "evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with the defendant or any other person." Just prior to trial, however, the court determined that, if T.W. denied having a relationship with the boy with whom she was communicating, Rackley could introduce a redacted version of the transcript of the IM conversation to impeach her.

The case proceeded to trial on June 22-23, 2005. A Faulkner County jury convicted him on all counts and sentenced him to a

total of thirty-seven years in the Arkansas Department of Correction. Rackley filed a timely notice of appeal, and now raises two arguments for reversal.

As mentioned above, Rackley's wife, Cynthia, also faced charges stemming from Rackley's sexual abuse of T.W. According to a footnote in Rackley's brief,[1] Cynthia was initially charged with permitting abuse of a minor, a felony violation of Ark. Code Ann. § 5-27-221 (Repl. 2006); however, the charge was subsequently reduced to the misdemeanor offense of endangering the welfare of a minor, Ark. Code Ann. § 5-27-206 (Repl. 2006). The same attorney, Max Horner, represented both Rackleys. In his first point on appeal, Marcus Rackley argues that the trial court should have taken it upon itself to inquire into this "joint representation" situation.

Rackley concedes at the outset of his argument that it "may be that the resolution of this matter will occur in Rule 37 proceedings [as] indeed, many of the relevant decisions on the point have come in postconviction proceedings." Nonetheless, he insists that his counsel's conflict was "so egregious" that he "posits a valid jurisprudential basis for its consideration now." In essence, Rackley asserts that the conflict inherent in his attorney's representation of both himself and his wife was so conspicuously offensive that the trial court should have "intervene[d], without an objection, to correct a serious error either by an admonition to the jury or by ordering a mistrial." *See Wicks v. State*, 270 Ark. 781, 786, 606 S.W.2d 366, 369-70 (1980).

This third of the so-called *Wicks* exceptions is a narrow one and, since *Wicks*, it has rarely been applied. *See Springs v. State*, 368 Ark. 256, 244 S.W.3d 683 (2006). The exception applies when "the error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly." *Springs*, 368 Ark. at 261, 244 S.W.3d at 687 (quoting *Anderson v. State*, 353 Ark. 384, 395, 108 S.W.3d 592, 599 (2003)). Indeed, this court has held that the third *Wicks* exception "has only been applied to cases in which a defendant's fundamental right to a trial by jury is at issue." *Id.* (quoting *McKenzie v. State*, 362 Ark. 257, 277, 208 S.W.3d 173, 184 (2005)).

---

[1] Neither the record nor the addendum contains documents that indicate the crimes with which Cynthia was charged.

Rackley cites to no cases in which a claim of ineffective assistance of counsel due to a conflict of interest has been considered by this court on direct appeal in the absence of an objection in the trial court. However, our court of appeals has rejected such an argument in *Cook v. State*, 76 Ark. App. 447, 68 S.W.3d 308 (2002). In *Cook*, the same attorney represented two co-defendants, Cook and Burris. On appeal, Cook argued that because his attorney also represented his co-defendant, his defense was prejudiced by creating a conflict of interest, thereby denying his right to effective assistance of counsel. Even though Cook had not raised this argument to the trial court, he argued on appeal that it should fall within the third *Wicks* exception, and that the trial judge should have been obligated to make an inquiry into the conflict on his own motion. *Cook*, 76 Ark. App. at 453, 68 S.W.3d at 312-13.

The court of appeals noted that the crux of Cook's argument was that he had been denied the effective assistance of counsel, and that such claims are typically raised in Rule 37 proceedings, where the parties have an opportunity to develop a record on the conduct of defense counsel, and counsel can testify on his or her own behalf. *Id.*, 68 S.W.3d at 313. However, Cook had not raised his conflict-of-interest argument in the trial court, and the court of appeals concluded that his argument was one of ineffective assistance of counsel, which was not "an immediate and egregious trial error" that warranted application of the third *Wicks* exception. *Id.* at 454, 68 S.W.3d at 313. Accordingly, the court of appeals concluded that Cook's ineffective-assistance argument was not preserved for appellate review. *Id.*[2]

■ Our research has not revealed a single case where this court has considered an ineffective-assistance, conflict-of-interest argument on direct appeal in the absence of a proper objection in the trial court. Certainly, an ineffective-assistance argument can be raised on direct appeal, but it may only be done if 1) the issue was first raised during trial or in a motion for new trial, and 2) the facts and circumstances were fully developed either during trial or during other hearings conducted by the trial court. *See, e.g.,*

---

[2] In *Cook v. State*, 361 Ark. 91, 204 S.W.3d 532 (2005), Cook's appeal from the circuit court's denial of his petition for postconviction relief pursuant to Ark. R. Crim. P. 37, this court noted the court of appeals' treatment of this issue and voiced no concerns with it. *Cook*, 361 Ark. at 99, 204 S.W.3d at 536. Moreover, this court rejected Cook's multiple claims that his attorney's joint representation had caused counsel to labor under a conflict of interest. *Id.* at 99-102, 204 S.W.3d at 536-38.

*Ratchford v. State*, 357 Ark. 27, 159 S.W.3d 304 (2004) (this court will not consider ineffective assistance as a point on direct appeal unless that issue has been considered by the trial court); *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002); *Price v. State*, 347 Ark. 708, 66 S.W.3d 653 (2002) (considering an ineffective-assistance, conflict-of-interest argument on direct appeal where appellant raised the issue in a motion for new trial). Here, Rackley failed to raise his conflict-of-interest argument in the trial court. Accordingly, we hold that he has failed to preserve this argument for review.

In his second point on appeal, Rackley argues that the trial court erred in finding that evidence of sexual conversations between the victim and her boyfriend were encompassed by the rape-shield statute. Under Arkansas's rape-shield statute, Ark. Code Ann. § 16-42-101, evidence of a victim's prior sexual conduct is inadmissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose. Ark. Code Ann. § 16-42-101(b) (Repl. 1999); *see also Rapp v. State*, 368 Ark. 387, 246 S.W.3d 858 (2007). The trial court is vested with a great deal of discretion in determining whether the evidence is relevant, and we will not overturn the trial court's decision unless it constitutes a clear error or a manifest abuse of discretion. *See Parish v. State*, 357 Ark. 260, 163 S.W.3d 843 (2004).

As mentioned above, prior to trial, Rackley argued that he should be permitted to introduce a transcript of an instant-message conversation between T.W. and her boyfriend. In his rape-shield motion, Rackley alleged that the conversation "included statements of [a] sexual nature," and he urged that the material should be admitted at trial in order to challenge the credibility of the victim.

The trial court held an *in camera* hearing on Rackley's rape-shield motion on June 5, 2005. At that time, Rackley argued that the instant messages went to show T.W.'s motives and credibility. In addition, he contended that the instant messages were not "sexual conduct" that would be covered by the rape-shield statute. The trial court did not rule on the motion at the time, but entered an order two days later on June 7, 2005, finding that the evidence offered was not evidence pertaining to the act upon which the prosecution was based or evidence of the victim's prior sexual conduct with the defendant or any other person, and was thus not relevant to the proceedings.

On the morning of trial, Rackley changed his tack slightly and asserted to the court that he wished to introduce the instant message conversation "to establish that [the victim] was speaking with this boy [whom] she wasn't supposed to. Her parents had forbidden her to do this." He also averred the "part about the sex" could be redacted, because that was "not really [his] interest in using that piece of evidence." The trial court ruled that, if T.W. denied speaking to the boy, Rackley would be permitted to use the transcript of the conversation, with the references to sexual conduct redacted from it. Rackley further noted that the messages went "to her motivation behind her making these accusations, in that she is having this relationship with this boy that her parents have forbidden her to have." The following colloquy then occurred:

> THE COURT: Well, the question is going to be, I presume, were you forbidden to have a relationship or any conversation or contact with this young man, and did you violate that? If she says no, then you could use —
>
> RACKLEY: And I would say specifically, "were you instant messaging him when you were not supposed to on the computer?"
>
> THE COURT: All right.
>
> RACKLEY: And that would really be the gist of it, and I think we could — I mean, and there is also another part in there where she talks about skipping school, which again is something that goes to her credibility. . . . And . . . I mean, if she admits it, then that will be that, I mean, and there's no need to —
>
> PROSECUTOR: But the document itself, just to be clear, is inadmissible into evidence.
>
> RACKLEY: In its present state.
>
> PROSECUTOR: No, Judge, the document, to make clear, is inadmissible as evidence.
>
> RACKLEY: Oh, yes.
>
> THE COURT: At this point, yes. If she denies that she did that, then it could be introduced as impeachment evidence, and then we'll redact that part that needs to be done.

■ On appeal, Rackley acknowledges that the trial court permitted him to cross-examine T.W. regarding her bias and also allowed him to redact the messages to omit the sexual discussion. Nonetheless, he asserts that the "problem" with the trial court's ruling was that the sexual content of the instant messages was the "integral part" of the evidence. Our difficulty with Rackley's argument is that he represented to the trial court that the "part about the sex" was "not really [his] interest in using that piece of evidence," and he agreed that using the redacted version of the instant-message transcript would be sufficient to challenge the victim's credibility. A party may not attack and appeal from a decision to which he agreed. *See Brown v. State*, 368 Ark. 344, 246 S.W.3d 414 (2007); *Banks v. State*, 354 Ark. 404, 125 S.W.3d 147 (2003) (a defendant cannot agree with the trial court's ruling and later attack the ruling on appeal); *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 355 (2001). Accordingly, we do not reach the merits of Rackley's second point on appeal.

Affirmed.